IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


UNITED STATES OF AMERICA                          PLAINTIFF/RESPONDENT

            V.                Case No. 2:08-cr-20003-PKH-MEF-1

ROBERT L. ANDERSON, JR.                          DEFENDANT/PETITIONER


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion For Relief Under 28 U.S.C. § 2255 filed May 25, 2016.  (Doc. 27)  The United States filed its response on June 16, 2016.  (Doc. 31)  Petitioner did not file a reply.  The matter is ready for Report and Recommendation.

### I. Background

On December 20, 2007, a Criminal Complaint was filed against Defendant/Petitioner, Robert L. Anderson, Jr. ("Anderson"), alleging that on or about December 10, 2007, Anderson was in possession of more than 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii).  (Doc. 1)  Anderson made his initial appearance before the Hon. James R. Marschewski, United States Magistrate Judge, on December 28, 2007.  (Doc. 2)  The Court appointed James B. Pierce ("Pierce"), Assistant Federal Public Defender, to represent Anderson.  (Docs. 2, 3)  Anderson waived the issues of probable cause and detention, and he was ordered detained and remanded to the custody of the United States Marshal's Service.  (Docs. 2, 4)

On January 9, 2008, Anderson was named in an Indictment charging him with possession of more than 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§

-1-

841(a)(1) and 841(b)(1)(B)(vii).  (Doc. 5)  Anderson appeared with counsel before Judge Marschewski for arraignment on January 14, 2008, at which time Anderson entered a not guilty plea to the Indictment.  (Doc. 6)  Pierce filed a Notice of Defendant's Request for Discovery on January 22, 2008 (Doc. 10), and the Government responded and sought reciprocal discovery on January 25, 2008 (Doc. 11).

On February 13, 2008, Anderson appeared with counsel before the Hon. Robert T. Dawson, United States District Judge, for a change of plea hearing.  (Doc. 13)  A written Plea Agreement was presented to the Court, and Anderson pleaded guilty to the Indictment charging him with possession of more than 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii).  (Docs. 13, 14)  The Court accepted the plea and ordered a Presentence Investigation Report ("PSR").  (Doc. 13)

An initial PSR was prepared by the United States Probation Office on May 15, 2008.  (Doc. 32, p. 1)  On May 16, 2008, the Government advised that it had no objections to the initial PSR. (Doc. 32, p. 13)  On June 9, 2008, Anderson advised that he had two objections to the initial PSR, with both being related to the career offender enhancement.  (Doc. 32, pp. 13-14)  The Probation Officer made no changes to the PSR as a result of these objections, but an amendment to Paragraph 56 was made to address adequacy of criminal history under U.S.S.G. § 4A1.3.  (Doc. 32, p. 14)

On June 25, 2008, a final PSR was submitted to the Court.  (Doc. 32, p. 1)  The final PSR determined that Anderson was accountable for a total of 730 kilograms of marijuana.  (Doc. 32, ¶ 9)  That drug quantity resulted in a base offense level of 30.  (Doc. 32, ¶ 11)  No specific offense characteristics adjustments or victim related adjustments were made.  (Doc. 32, ¶¶ 12-13)  A two-level reduction for Anderson's role in the offense (as a courier for others) was made.  (Doc. 32, ¶ 14)

-2-

Anderson was determined to be a career offender, enhancing his offense level to 34; and, after a three-level reduction for acceptance of responsibility was made, his total offense level was determined to be 31. (Doc. 32, ¶ 19)

Anderson's criminal history resulted in a criminal history score of four, placing him in criminal history category III; but, due to his career offender status, his applicable criminal history category was determined to be VI. (Doc. 32, ¶ 25) The offense of conviction provided for a mandatory minimum sentence of five years imprisonment and a statutory maximum term of 40 years imprisonment. (Doc. 32, ¶ 41) Based upon a total offense level of 31 and a criminal history category of VI, Anderson's advisory guideline range was determined to be 188 to 235 months imprisonment. (Doc. 32, ¶ 42)

Anderson appeared for sentencing on July 17, 2008. (Doc. 19) The Court departed downward both as to offense level and criminal history category, and Anderson was sentenced to 130 months imprisonment, to be followed by five years supervised release, a fine of $2,500.00, and imposition of a $100.00 special assessment. (Doc. 19) Judgment was entered by the Court on July 18, 2008. (Doc. 20) Anderson did not pursue a direct appeal.

On May 25, 2016, Anderson filed his Motion for Relief Under 28 U.S.C. § 2255 (the "motion"). (Doc. 27) The motion raises one ground for relief: that his prior conviction for aggravated battery under Florida law fell within the residual clause of the career offender guideline, and his sentence must be vacated without the career offender designation pursuant to *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Doc. 27, pp. 4-8)

The United States' response in opposition to the motion was filed on June 16, 2016. (Doc. 31) Anderson did not file a reply.

## II.  Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).  A thorough review of Anderson's motion, and the files and records of this case, conclusively shows that Anderson is not entitled to relief, and the undersigned recommends the denial and dismissal of Anderson's § 2255 motion with prejudice without an evidentiary hearing.

### A.  Timeliness

A one year period of limitation applies to motions under 28 U.S.C. § 2255.  This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting

the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

The United States does not address the issue of timeliness in its response, apparently perceiving the operative date in this case as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under § 2255(f)(3).  Since *Johnson* was decided on June 26, 2015, and Anderson filed his motion within one year from that date, the Government by its silence appears to concede that Anderson's motion is timely.

For the reasons more fully discussed below, the *Johnson* decision is inapplicable to the instant case, and the operative date for limitations purposes in this case is actually "the date on which the judgment of conviction becomes final."  Anderson's Judgment was entered on July 18, 2008. (Doc. 20)  Had Anderson wished to file an appeal, he was required to do so within 10 days.[1]  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Anderson did not file an appeal, and his judgment of conviction thus became final on July 28, 2008.  *See Murray v. United States*, 313 Fed. App'x. 924 (8th Cir. 2009). From that date, Anderson had one year, or until July 28, 2009, to timely file a § 2255 habeas petition. Anderson filed his § 2255 motion on May 25, 2016, nearly 7 years after the limitations period expired.  Further, Anderson has failed to allege and demonstrate the presence of either statutory or equitable reasons to toll the limitations period, so any such tolling would be inappropriate.

Accordingly, because the motion has been filed beyond the applicable one year period of limitation, Anderson's motion should be summarily dismissed as untimely.

---

[1] The time for appeal was amended from 10 days to 14 days in 2009.

### B. *Johnson*, *Welch*, and the Residual Clause of the ACCA

The Armed Career Criminal Act ("ACCA") defines the term "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortioin, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of subsection (ii) above is known as the "residual clause" of the ACCA. *See James v. United States*, 550 U.S. 192, 197, 127 S.Ct. 1586, 1591, 167 L.Ed.2d 532 (2007) (question of whether attempted burglary, as defined by Florida law, fell within the ACCA's residual provision for crimes that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another").

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA was unconstitutionally vague. On April 18, 2016, the Supreme Court decided in *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) that its ruling in *Johnson* announced a new substantive rule that applied retroactively on collateral review.

### C. *Beckles* and the Residual Clause of the Career Offender Guideline

The United States argues that the *Johnson* rule is inapplicable to Anderson's sentence since it was enhanced pursuant to U.S.S.G. § 4B1.1(a) and not the ACCA. (Doc. 31, pp. 3-4) The undersigned agrees.

The Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016) to address whether the language found in U.S.S.G. § 4B1.2(a)(2), defining a "crime

of violence" for career offender purposes under the Sentencing Guidelines, is constitutional in the wake of *Johnson*. For the reasons and upon the rationale set forth in *Beckles v. United States*, — S.Ct. —, 2017 WL 855781 (Mar. 6, 2017), the Supreme Court held that the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to void for vagueness challenges under the Fifth Amendment Due Process Clause. In so ruling, the Supreme Court observed that: the prior system of purely discretionary sentencing was constitutionally permissible; the Guidelines merely guide the district courts' discretion; all of the required notice was provided by the applicable statutory range, which established the permissible bounds of sentencing discretion; and, the Guidelines do not implicate concern with arbitrary enforcement since they do not prohibit any conduct or establish minimum and maximum penalties for any crime. The *Beckles* opinion controls the outcome in this case.

Anderson's sole ground for relief is that his prior conviction for aggravated battery under Florida law fell within the residual clause of the career offender guideline, and that his sentence must be vacated without the career offender designation pursuant to *Johnson*. (Doc. 27, pp. 4-8) That argument fails in light of the Supreme Court's holding in *Beckles*.

### III. Conclusion

The undersigned recommends that Anderson's Motion for Relief Under 28 U.S.C. § 2255 (Doc. 27) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

DATED this 28th day of March, 2017.

/s/ Mark E. Ford

HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE